UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KEVIN PHILMON,** | ) | CASE NO. 1:22-CV-00385 |
| | ) | 1:19-CR-00464 |
| Petitioner, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |

This matter comes before the Court upon Petitioner Kevin Philmon's petition pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Doc. 1, Doc. 73. For the reasons set forth below, Philmon's Motion to Vacate, Set Aside, or Correct Sentence is DENIED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Philmon was charged along with sixteen others with conspiracy to distribute and possess with intent to distribute cocaine, crack cocaine, heroin, fentanyl, and marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 841(b)(1)(C) (Count 1). Doc. 1. Philmon was further charged with possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 11); possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 12); felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count 13); possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 14); maintaining a drug premises, in violation of 21 U.S.C. § 856(a)(1) (Count 15); use of a

1

communications facility to facilitate a felony drug offense, in violation of 21 U.S.C. § 843(b) (Count 19). (*Id.*).

On August 20, 2019, Philmon plead not guilty to the charges. On January 13, 2020, Philmon moved to suppress evidence. Doc. 188. On March 16, 2020, Philmon filed his noticed of intent to plead guilty. Doc. 242. On March 19, 2020, pursuant to a written plea agreement, Philmon plead guilty to Counts 1, 11, 12, 13, 14, and 15. Doc. 291, p. 4. Count 19 was dismissed. Id.

On June 9, 2020, Philmon filed a motion claiming ineffective assistance of his counsel, Myron Watson. Doc. 343. On June 12, 2020, Attorney Watson filed a motion to withdraw. Doc. 351. On June 15, 2020, the Court granted Attorney Watson's motion and appointed James Gentile to represent Philmon. Doc. 354. On October 30, 2020, in response to the Presentence Report, Gentile filed a sentencing memorandum setting forth several issues. Doc. 481.

The Court sentenced Philmon to 60 months of imprisonment as to Counts 1, 11, 12, 13, 14, and 15, to be served concurrently; and 60 months as to Count 14 to run consecutive. Doc. 513. Philmon did not appeal the judgment.

Philmon now makes this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

**II. LAW AND ANALYSIS**

Under 28 U.S.C. § 2255, "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To prevail on a §2255 motion,

2

the petitioner must allege that: 1) his conviction resulted from an error of constitutional magnitude; 2) his sentence was imposed outside the statutory limits; or 3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006); *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003). The petitioner must sustain the allegations by a preponderance of the evidence. *Pough*, 442 F.3d at 964.

In his two Grounds for relief, Philmon argues that his Sixth Amendment rights were violated due to ineffective assistance of counsel. The standard for ineffective assistance of counsel is a two-part test set forth by the U.S. Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). First, Philmon must show that his counsel's performance was deficient. *Id.* at 687. Counsel must not merely have erred but erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed…by the Sixth Amendment." *Id.* Second, Philmon must show a reasonable probability that but for the error, the results of his proceedings would have been different. *Id.* When a defendant makes an insufficient showing on one component of the two-part inquiry, reviewing courts are not required to "address both components of the inquiry." *Id.* at 697.

In Ground One, Philmon argues that Attorney Watson rendered ineffective pretrial assistance because he failed to inform Philmon of the relevant circumstances and the consequences of pleading guilty as opposed to proceeding to trial; to request a suspension of the proceedings pending a resolution on a motion to suppress; to conduct an adequate pretrial investigation; to interview witnesses; and to negotiate a favorable plea agreement. Doc. 623, p. 4.

Regarding these claims, Philmon's subsequent counsel, Attorney Gentil stated the following in his sentencing memorandum:

> In his motion Defendant raises multiple issues including that he was not given the protective order, all of his discovery, not have a hearing on his Motion to Suppress,

> he did not receive copies of the lab reports, he was advised at the last minute of the impact of pleading to a Section 924(c) offense (60 month consecutive), that the plea was changed to include a 851 after his agreement and notice to plead guilty.
>
> With these concerns in mind an examination of the case was conducted to determine the effectiveness of the representation and whether further action should be taken to withdraw the plea. The Defendant did participate in the review and was provided the necessary information to make an informed decision.
>
> The Defendant did file a motion to suppress on January 13, 2020. The Government filed a response on February 7, 2020. On March 16, 2020, the Defendant filed a Notice of Intent to Plead Guilty. After review, it does not appear that Motion to Suppress would have been successful.
>
> The 851 was filed on March 18, 2020, and after the Defendant agreed to plead guilty. The Defendant was surprised and confused by this late filing but it does not impact Defendant's sentence but related to an increase in possible maximum penalties of 30 years, $2,000.00 fine, and at least 6 years of supervised release.
>
> Although Defendant's other issues have been sufficiently explained the plea to the 924(c)(1) which requires a consecutive 60 month sentence to his first level sentence requires further scrutiny. Defendant states that although he was informed of the harshness and severity of the charge it was at the last minute and he felt that he had no choice in the matter. Defendant requests in his Motion that this 924(c)(1) be removed from his plea. It appears that the Government was unwilling to dismiss this charge and although there was some evidence although razor thin that the Defendant used the firearm in furtherance of the drug offenses the Defendant proceeded to enter the plea. The firearm was found unloaded in an apartment during a search warrant and the Defendant was not present. Perhaps previous counsel should have fought harder but with the Government unwilling to adjust the charge as it did with another Defendant the Defendant was faced with a complete trial or negotiated plea.
>
> Defendant has considered his options but under the circumstances will proceed with his sentencing.

Doc. 481, p. 2-3. Attorney Gentile and Philmon clearly discussed all the issues and despite any perceived deficient performance by Attorney Watson, Philmon decided not to change his plea. At the sentencing hearing, the Court indicated that it had reviewed the sentencing memorandum and offered Philmon the opportunity to speak. Doc. 602, p. 5-7. Philmon did not disavow Attorney Gentile's statements as set forth in the sentencing memorandum. Accordingly, Philmon cannot

4

establish that, but for Attorney Watson's alleged deficient performance, he would have not plead guilty. Ground One is without merit.

In Ground Two, Philmon asserts that Attorney Gentile rendered ineffective assistance at sentencing because he failed to properly explain the PSR; to file objections to the PSR; and to file a notice of appeal. Doc. 623, p. 5. It is clear from his sentencing memorandum that Attorney Gentile discussed the PSR with Philmon prior to sentencing. Doc. 481. Philmon confirmed at his sentencing hearing that he fully reviewed the PSR with Attorney Gentile. Philmon's argument here to the contrary is without merit.

Philmon can show no prejudice regarding his claim that Attorney Gentile failed to object to the PSR. The PSR indicated that there were no unresolved objections. Doc. 602, p. 2. That said, in the sentencing memorandum, Attorney Gentile noted that there "may be an error in paragraph 10 where it is stated that Philmon discarded 2 kilograms of cocaine in a dumpster at his apartment on Van Aken Boulevard. There is evidence that it was cocaine wrappers and not actual cocaine." Doc. 481, p. 3. The Court questioned and discussed this issue with the attorneys. Doc. 602, p. 6. Attorney Gentile also argued in the sentencing memorandum that Philmon's criminal history was overstated. Doc. 481, p. 3. At sentencing the Court noted that Philmon had a lack of extensive criminal history and that he was not deserving of a sentence at the high end of the guidelines. Doc. 602, p. 11. Thus, Attorney Gentile raised issues in the sentencing memorandum and these issues were addressed at the sentencing hearing. Philmon does not raise any specific issues that he believes Attorney Gentile should have raised such that it would have affected the outcome of his case.

Philmon asserts Attorney Gentile was ineffective for his alleged failure to file a notice of appeal. "[A] lawyer who disregards specific instructions from the defendant to file a notice of

5

appeal acts in a manner that is professionally unreasonable." *Garza v. Idaho*, 139 S. Ct. 738, 749-50 (2019); quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). Philmon has not argued nor shown that he explicitly asked Attorney Gentile to file a notice of appeal. Accordingly, Philmon fails to establish that Attorney Gentile's conduct was professionally unreasonable.

Because Philmon's claims that his Sixth Amendment rights were violated are without merit as explained above, it cannot be said that his conviction resulted from an error of constitutional magnitude pursuant to 28 U.S.C. §2255.

### IV. CONCLUSION

For the reasons stated above, Philmon's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED.


Date: __8/1/22___          /s/ *John R. Adams*___
                           **JUDGE JOHN R. ADAMS**
                           **UNITED STATES DISTRICT COURT**